## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CONNECTICUT GENERAL LIFE INSURANCE COMPANY; CIGNA HEALTH AND LIFE INSURANCE COMPANY** | CIVIL NO. 3:14-cv-01519-VAB |
| **PLAINTIFFS,** | **ORAL ARGUMENT REQUESTED** |
| **V.** | |
| **HEALTH DIAGNOSTIC LABORATORY, INC.** | JUNE 4, 2015 |
| **DEFENDANT** | |

## MEMORANDUM OF LAW IN SUPPORT OF
## CIGNA'S MOTION TO DISMISS HDL'S COUNTERCLAIMS

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ....................................................................................................................3

ARGUMENT .........................................................................................................................4

I.    **HDL's ERISA Claims Fail (Counts I & II).** ...................................................................4
      A.    HDL Fails to Plead Assignments Sufficient to Confer ERISA Standing. ...............4
      B.    HDL Cannot Pursue its ERISA Claims Because It Has Not Exhausted Its
            Administrative Remedies under ERISA. ................................................................8

II.   **HDL's Unjust Enrichment Claims Fail (Counts III & IV).** ............................................9
      A.    HDL Does Not Properly Plead the Elements of Unjust Enrichment. ......................9
      B.    HDL's Allegations that It Received Assignments, if Valid, Preclude a
            Claim Under a Theory of Unjust Enrichment. .........................................................12

III.  **HDL's Connecticut Unfair Trade Practices Act Claim Fails (Count V).** ...................12
      A.    HDL's CUTPA Claim is Preempted by ERISA. ...................................................12
      B.    HDL's CUTPA Claim Does Not Plead a Predicate Violation of CUIPA. ............14

**CONCLUSION** ....................................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Med. Ass'n v. United Healthcare Corp.*,
  No. 00 Civ. 2800 (LMM), 2007 WL 683974 (S.D.N.Y. Mar. 5, 2007) ................................ 12

*Am. Psychiatric Assocs. v. Anthem Health Plans*,
  50 F. Supp. 3d 157 (D. Conn. 2014) ......................................................................... 7, 8

*Bailey-Gates v. Aetna Life Ins. Co.*,
  890 F. Supp. 73 (D. Conn. 1994) .............................................................................. 13

*Biomed Pharms., Inc. v. Oxford Health Plans (N.Y.), Inc.*,
  522 F. App'x. 81 (2d Cir. 2013) ................................................................................. 1

*Case v. Hosp. of St. Raphael*,
  38 F. Supp. 2d 207 (D. Conn. 1999) ......................................................................... 13

*Davenport v. Harry N. Adams, Inc.*,
  249 F.3d 130 (2d Cir. 2001) ...................................................................................... 9

*Davis v. Globe Life & Acc. Ins. Co.*,
  No. 3:12-CV-01583 VLB, 2013 WL 5436907 (D. Conn. Sept. 27, 2013) ........................... 14

*Degrooth v. Gen. Dynamics Corp.*,
  837 F. Supp. 485 (D. Conn. 1993)
  *aff'd,* 28 F.3d 103 (2d Cir. 1994) ............................................................................. 13

*Feher v. Unum Life Ins. Co. of Am.*,
  No. 3:14-CV-334 RNC, 2014 WL 7271927 (D. Conn. Dec. 18, 2014) ................................ 8

*Franco v. Conn. Gen. Life Ins. Co.*,
  818 F. Supp. 2d 792 (D.N.J. 2011) ............................................................................. 6

*Glynn v. Bankers Life & Cas. Co.*,
  297 F. Supp. 2d 424 (D. Conn. 2003) ......................................................................... 14

*Granito v. IBM*,
  No. X07CV020080440S, 2003 WL 1963161 (Conn. Super. Ct. Apr. 16, 2003) ................... 11

*Greifenberger v. Hartford Life Ins. Co.*,
  No. 03 CIV. 3238 (SAS), 2003 WL 22990093 (S.D.N.Y. Dec. 18, 2003) *aff'd* 131 F.
  App'x 756 (2d Cir. 2005) ........................................................................................... 9

*Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*,
  426 F.3d 330 (5th Cir. 2005) ...................................................................................... 5

**TABLE OF AUTHORITIES (CONT'D)**

*I.V. Servs. of Am., Inc. v. Trustees of Am. Consulting Eng'rs Council Ins. Trust Fund*,
136 F.3d 114 (2d Cir. 1998).............................................................................................. 6

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
903 F. Supp. 2d 880 (C.D. Cal. 2012) .............................................................................. 6

*Josephson v. United Healthcare Corp.*,
No. 11-CV-3665 JS ETB, 2012 WL 4511365 (E.D.N.Y. Sept. 28, 2012) *on
reconsideration in part*, No. 11-CV-3665 JS ETB, 2013 WL 3863921 (E.D.N.Y. July 24,
2013) ................................................................................................................................ 11

*Kennedy v. Conn. Gen. Life Ins. Co.*,
924 F.2d 698 (7th Cir. 1991) ............................................................................................ 1

*Kennedy v. Empire Blue Cross & Blue Shield*,
989 F.2d 588 (2d Cir. 1993)............................................................................................. 9

*Kirell v. Vytra Health Plans Long Is., Inc.*,
29 A.D.3d 638, 815 N.Y.S.2d 185 (2006) ...................................................................... 11

*Kirkendall v. Halliburton, Inc.*,
707 F.3d 173 (2d Cir. 2013).............................................................................................. 8

*Layton v. Lester*,
No. CV085023289S, 2011 WL 522887 (Conn. Super. Ct. Jan. 21, 2011)...................... 11

*Lazaroff v. Blue Cross & Blue Shield of Conn., Inc.*,
No. CIV. B-88-519 (TFGD), 1989 WL 235958 (D. Conn. Jan. 11, 1989)...................... 13

*Lieberman v. Emigrant Mortgage Co.*,
436 F. Supp. 2d 357 (D. Conn. 2006) ............................................................................. 12

*Martin v. Am. Equity Ins. Co.*,
185 F. Supp. 2d 162 (D. Conn. 2002) ............................................................................. 14

*McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna U.S. Healthcare*,
No. 15-CV-2007 KBF, 2015 WL 2183900 (S.D.N.Y. May 11, 2015).............................. 5

*Meaney v. Conn. Hosp. Ass'n, Inc.*,
250 Conn. 500, 735 A.2d 813 (Conn. 1999).................................................................... 12

*MHA, LLC v. Aetna Health, Inc.*,
No. CIV.A. 12-2984 SRC, 2013 WL 705612 (D.N.J. Feb. 25, 2013), *appeal dismissed*
(Apr. 8, 2013)..................................................................................................................... 5

*Mirto v. Villano*,
No. CV-106014122, 2012 WL 3264230 (Conn. Super. Ct. July 20, 2012) .................... 12

**TABLE OF AUTHORITIES (CONT'D)**

**Page(s)**

*Montefiore Med. Ctr. v. Teamsters Local 272,*
    642 F.3d 321 (2d Cir. 2011) ............................................................................... 5

*N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.,*
    No. CIV.A. 07-4812 HAA, 2008 WL 4371754 (D.N.J. Sept. 18, 2008) ................................. 5

*Patel v. Jayms IV Enters., LLC,*
    No. HHBCV085010726S, 2011 WL 1288703 (Conn. Super. Ct. Mar. 17, 2011) ................ 10

*Pearsall Holdings, LP v. Moutain High Funding, LLC,*
    No. 3:13CV437 JBA, 2014 WL 7270334 (D. Conn. Dec. 18, 2014) .............................. 10, 11

*Pekler v. Health Ins. Plan of Greater N.Y.,*
    67 A.D.3d 758, 888 N.Y.S.2d 196 (2009) ............................................................... 11

*Peninsula Reg'l Med. Ctr. v. Mid Atl. Med. Servs., LLC.,*
    327 F. Supp. 2d 572 (D. Md. 2004) ....................................................................... 5

*Simon v. Gen. Elec. Co.,*
    263 F.3d 176 (2d Cir. 2001) ................................................................................ 7

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,*
    88 F.3d 780 (9th Cir. 1996) ................................................................................. 1

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.,*
    770 F.3d 1282 (9th Cir. 2014) ............................................................................. 7

*State of N.M. ex rel. Kershner v. Equitable Life Assur. Soc. of U.S.,*
    447 F.2d 620 (10th Cir. 1971) ............................................................................. 1

*State v. Acordia, Inc.,*
    310 Conn. 1, 73 A.3d 711 (2013) ....................................................................... 14

*Vertex, Inc. v. City of Waterbury,*
    278 Conn. 557, 898 A.2d 178 (2006) .................................................................. 10

*Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross & Blue Shield of Kansas, Inc.,*
    No. 04 1253 WEB, 2006 WL 3469544 (D. Kan. Nov. 30, 2006) ........................................ 5

*Wesson, Inc. v. Hychko,*
    205 Conn. 51, 529 A.2d 714 (1987) .................................................................... 10

**Statutes**

29 U.S.C. § 1132(a)(1)(B) ................................................................................. 4, 8

29 U.S.C. § 1132(a)(3) ...................................................................................... 4, 8

<u>**TABLE OF AUTHORITIES (CONT'D)**</u>

**Page(s)**

29 U.S.C. § 1144(a) ................................................................................................................. 13

Conn. Gen. Stat. Ann. § 38a-816. ............................................................................................. 14

## PRELIMINARY STATEMENT

Cigna filed this lawsuit because for years HDL engaged in fraudulent practices designed to bill exorbitant charges to healthcare benefit plans while charging its patients (the members of those plans) nothing, even though—as HDL knows—the patients have cost-sharing obligations under their respective plans. This practice is called fee-forgiving, and it cost Cigna and its plans tens of millions of dollars until Cigna uncovered the details of HDL's fraud in 2013. Faced with clear evidence that HDL did not obligate its patients to pay for any portion of HDL's charges, Cigna determined that its plans required it to stop paying HDL's claims until HDL could show proof that its patients paid for HDL's services. Cigna also seeks to recoup the amounts it overpaid HDL on past claims due to HDL's improper fee forgiving.

In response, HDL does not deny that it waives patients' cost-share or that patients were obligated under their plans to pay such amounts. Instead, HDL filed counterclaims attacking Cigna's decision to start denying HDL's claims in 2013, contending that Cigna has no basis under its plans to do so and that only Cigna benefits from its policy of denying claims subject to fee forgiving, not Cigna's plans or members. For at least the past twenty-five years, the courts have disagreed. *See, e.g.*, *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 702 (7th Cir. 1991) (Cigna plan "require[s] co-payments in order to maintain incentives that hold down the cost of medical care" and "its terms will be enforced"); *Biomed Pharms., Inc. v. Oxford Health Plans (N.Y.), Inc.*, 522 F. App'x. 81, 82 (2d Cir. 2013) (where provider "routinely" waived patients' "deductible and coinsurance obligations," "it was reasonable for [insurer] to pay a reduced amount"); *SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 784 (9th Cir. 1996) (citing *Kennedy* and adopting its reasoning, and holding that waiver of copayments was a violation of plans that required copayments); *see also State of N.M. ex rel. Kershner v. Equitable Life Assur. Soc. of U.S.*, 447 F.2d 620, 622-23 (10th Cir. 1971) (insurance

company not liable where insured "was not charged for, and incurred no expenses" for medical services, and policy obligated insurance company to pay benefits "for only those charges incurred by the insured . . . and only upon proof of loss by the insured").

Given this background, it is not surprising that HDL failed to state any viable counterclaims against Cigna. HDL's two ERISA claims (Counts I and II) should be dismissed because HDL sues as its patients' assignees without pleading any details about the actual assignment language that would give it the right to do so or that it received such assignments in exchange for medical care. In fact, HDL alleges that it received its assignments from other providers, not patients, and it fails to plead the details of the scope and substance of these purported assignments, including any suggestion that it received assignments that would allow it to bring an ERISA claim for the types of broad equitable relief it seeks here. HDL's first two counts fail for the separate reason that HDL has not pled that it exhausted the administrative remedies available under its patients' plans, a requirement to bring HDL's ERISA claims.

HDL's claims for unjust enrichment (Counts III and IV) fail because HDL does not allege that it provided any services at Cigna's request, that Cigna received any benefit at HDL's expense, or that HDL gave Cigna an opportunity to decline any alleged benefit. Indeed, HDL alleges the opposite: that Cigna did not want its members seeing HDL, and that Cigna made clear that it would not reimburse HDL for any services that it provided Cigna members without proof that these members paid for such services. Moreover, if the Court finds that HDL has adequately pled that it is an assignee under its patients' contracts with Cigna, HDL cannot simultaneously maintain claims for unjust enrichment covering the same subject matter as those contracts.

Finally, HDL's claim under Connecticut's Unfair Trade Practice Act ("CUTPA") (Count V) fails for two reasons. First, it is based on the same course of conduct as HDL's ERISA

claims, as both stem from Cigna's decision to begin denying HDL's claims in 2013, and therefore HDL's CUTPA claim is preempted to the extent that it deals with ERISA plans. Second, HDL has not alleged any underlying violation of Connecticut's Unfair Insurance Practices Act ("CUIPA"), a predicate for pleading a cognizable claim under CUTPA at least with respect to Cigna's fully funded plans.

Accordingly, all of HDL's counterclaims should be dismissed.

## BACKGROUND

Cigna is a managed care company that provides administrative services to employee health benefits plans.  (CC ¶¶ 25-26.)[1]  HDL is a provider of laboratory services and does not participate in Cigna's provider network, and therefore provides services to the members of the plans that Cigna administers and/or insures on an out-of-network basis (making HDL a "non-participating" or "out-of-network provider").  (CC ¶¶ 1, 5.)  Normally, Cigna's plan members would have to pay more for HDL's services than if they saw a provider that participated in Cigna's network, as Cigna's plans require additional cost-sharing obligations for out-of-network services.  (*Id.* ¶¶ 30-31.)  HDL, however, implemented a fee-forgiving scheme so that this did not occur.  (*Id.* ¶ 31 (alleging that "no contractual obligation exists that requires the out-of-network provider to bill or collect the additional cost sharing"); ¶ 40 (alleging that Cigna's explanation of benefits did not indicate HDL was required to "bill[] or collect[] any of the so-

---

[1]  "Cigna" refers to Counterclaim Defendants Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company, and "HDL" refers to Counterclaim Plaintiff Health Laboratory, Inc.  Citations to "CC ¶" refer to paragraphs in HDL's Counterclaim for Damages and Equitable Relief against Cigna (the "Counterclaims"), D.E. 59, filed on May 11, 2015.  Citations to "Compl. ¶" refer to Cigna's Amended Complaint (the "Complaint"), D.E. 40, filed on January 16. 2015.  Citations to "Def. Br." refer to HDL's March 2, 2015 Memorandum of Law in Support of Motion to Dismiss Cigna's Amended Complaint, D.E. 53.  Unless otherwise noted, all emphasis to quotations has been added, and all internal quotations and citations have been omitted.

called cost-sharing amounts"); *see also* Compl. ¶¶ 8, 55, 56 (describing HDL's fee-forgiving scheme).)

In October 2014, Cigna brought this suit to remedy the significant harm that HDL's improper conduct caused Cigna, its plans, and plan members.  (Cigna's Original Compl., D.E. 1.) As Exhibit A to Cigna's Complaint shows, HDL submitted claims for hundreds of thousands of tests to Cigna, causing Cigna to pay HDL tens of millions of dollars to which HDL was not entitled.  (Compl., D.E. 40-1.)  Cigna has accordingly brought claims under state law for unjust enrichment, fraud, negligent misrepresentation, tortious interference with contract, and unfair and deceptive practices under CUTPA and CUIPA, as well as under ERISA § 502(a)(3) and the Declaratory Judgment Act to recover overpayments made to HDL and enjoin it from engaging in its fraudulent conduct going forward.

HDL responded with a motion to dismiss on March 2, 2015, and Counterclaims on May 11, 2015.  (*See* D.E. 52, 59.)  Cigna has opposed HDL's dismissal motion (*see* D.E. 58), and because HDL failed to plead any cognizable cause of action, Cigna now moves to dismiss HDL's Counterclaims pursuant to the Federal Rules of Civil Procedure 12(b)(1) and (6).

## ARGUMENT

### I.      HDL'S ERISA CLAIMS FAIL (COUNTS I & II).

#### A.      HDL Fails to Plead Assignments Sufficient to Confer ERISA Standing.

Only "a participant or beneficiary" has standing to sue under ERISA § 502(a)(1)(B) and only "a participant, beneficiary, or fiduciary" has standing to sue under section 502(a)(3).  29 U.S.C. § 1132(a)(1)(B); 29 U.S.C. § 1132(a)(3).  While the Second Circuit has made an exception to these statutory requirements, the exception is a "narrow" one only for "providers to whom a beneficiary has assigned his claim in exchange for health care." *Montefiore Med. Ctr. v.*

4

*Teamsters Local 272*, 642 F.3d 321, 329 (2d Cir. 2011).[2]  To fall under this exception, HDL must therefore plead two things: first, that HDL's patients (Cigna plan beneficiaries), in fact, assigned their ERISA claims to HDL, and second, that these assignments were in exchange for HDL's medical care.

HDL has done neither.  "Like any other contract, the scope of the assignment depends foremost upon the language of the agreement itself." *Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross & Blue Shield of Kansas, Inc.*, No. 04 1253 WEB, 2006 WL 3469544, at *7 (D. Kan. Nov. 30, 2006); *see also Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 334 (5th Cir. 2005) (to bring an ERISA claim as an assignee, provider must show that it obtained "valid" and "full" assignment of benefits).[3]  While HDL has criticized Cigna for quoting from only one attached exemplar plan in support of its standing (Def. Br. at 6, n.1), HDL does not even describe the actual terms of the assignments that form the sole basis for its ERISA standing, let alone attach any examples for the 27,000 benefits claims it seeks to pursue.  Instead, HDL pleads only that "plan participants and beneficiaries assigned their claims to HDL."  (CC ¶ 7.)  This barebones allegation does not come close to substantiating HDL's claim that it received valid assignments from its patients to bring their ERISA claims.  *See In re*

---

[2]   As courts have recognized, *Montefiore* reflects the requirements for standing to show ERISA preemption, but whether an assignment confers standing on a provider to raise ERISA claims is held to a stricter standard.  *See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna U.S. Healthcare*, No. 15-CV-2007 KBF, 2015 WL 2183900, at *5 (S.D.N.Y. May 11, 2015) (limited "contractual assignment between doctor and patient is [sufficient] . . . for purposes of complete preemption," but "[w]hether the assignment is valid under the terms of the ERISA plan at issue is a question to be decided once an ERISA claim is before the Court.").

[3]   *Peninsula Reg'l Med. Ctr. v. Mid Atl. Med. Servs.*, LLC., 327 F. Supp. 2d 572, 576 (D. Md. 2004) (for ERISA standing, a provider must receive a "*valid*" and "*specific*" assignment of rights by a participant or beneficiary."); *N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. CIV.A. 07-4812 HAA, 2008 WL 4371754, at *4, *8 (D.N.J. Sept. 18, 2008) (A "valid" assignment requires a "complete" and "unequivocal" assignment of rights.); *cf. MHA, LLC v. Aetna Health, Inc.*, No. CIV.A. 12-2984 SRC, 2013 WL 705612, at *7 (D.N.J. Feb. 25, 2013), *appeal dismissed* (Apr. 8, 2013) (granting motion to dismiss because alleged authorization to receive direct payment for medical services did not "create[ ] derivative standing in a provider assignee to sue under § 502").

*WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 896 (C.D. Cal. 2012) (granting motion to dismiss ERISA claims where "Provider Plaintiffs . . . failed to allege they were assigned the right to bring these causes of action"); *Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 811 (D.N.J. 2011) ("Simply asserting that CIGNA subscribers have assigned their CIGNA plan benefits fails to plausibly establish that each Provider Plaintiff has obtained at least one actual assignment of a patient's right to assert a claim for benefits and pursue litigation under ERISA."; noting that an assignment "limited to direct receipt of the ONET [out-of-network] reimbursement and/or is qualified by the provider's reservation of his or her right to collect the entire charge for the service from the patient . . . in no way can be construed as tantamount to assigning the right [to] enforce his or her rights under the plan.").

In fact, HDL confirms that it did not receive assignments from patients, but instead from other healthcare providers who ordered HDL's tests, and nowhere does HDL identify what or whose benefits these providers assigned. (CC ¶ 34 (pleading that "the physician [not the member] would order HDL's tests pursuant to a requisition form, which contained an assignment of benefits").) HDL's allegations thus cannot establish that it received an assignment of rights from an ERISA beneficiary, which is the only assignment that could give HDL standing under the statute. *See I.V. Servs. of Am., Inc. v. Trustees of Am. Consulting Eng'rs Council Ins. Trust Fund*, 136 F.3d 114, 117 n.2 (2d Cir. 1998) ("under federal common law, the assignees of ***beneficiaries*** to an ERISA-governed insurance plan have standing to sue under ERISA.").

HDL has also failed to allege that it received its purported assignments in exchange for medical care to ERISA beneficiaries. Indeed, HDL makes no allegations about what consideration it offered in exchange for its testing, but a recently unsealed complaint in a federal whistleblower action against HDL suggests that the consideration that HDL provided was to the

providers in the form of illegal fees for patient referrals.[4]   This alone means HDL has failed to plead that it has ERISA standing before this Court.  *See Am. Psychiatric Assocs. v. Anthem Health Plans*, 50 F. Supp. 3d 157, 164 (D. Conn. 2014) (dismissing ERISA claims from provider who failed to allege that the assignment she received to bring an action "challenging financial and treatment limitations that impact patient access to mental health services . . . was in consideration for medical treatment"); *see also Simon v. Gen. Elec. Co.*, 263 F.3d 176, 178 (2d Cir. 2001) ("narrow exception" conferring ERISA standing on beneficiaries' assignees applies "only to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care.").

Finally, even assuming that HDL received an assignment that met the Second Circuit's narrow exception for provider standing under ERISA, HDL still has not shown that it has standing to request the broad equitable relief it seeks here, including enjoining Cigna from future actions and clarifying rights under plans for services it has not yet provided.  As HDL argued in its own motion to dismiss, an assignment of the right to "receive the payment . . . directly from Cigna" is a "narrow" one that encompasses only the "right to reimbursement."  (Def. Br. at 23.) HDL's observation is right—nothing in its one-sentence allegation in its Counterclaims about its purported assignments suggests that its patients intended to transfer their right to bring sweeping change to how Cigna administers plans, now or in the future.  *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1292 (9th Cir. 2014) (because assignee provider that was "assigned only the right to bring claims for payment of benefits, [provider] has no right to bring claims for breach of fiduciary duty"); *Sanctuary Surgical Ctr.,*

---

[4]      *See* Relators' Sec. Am. Compl. ¶ 194, *United States et al. v. Health Diagnostic Lab. et al.*, 14-cv-00230 (D.S.C. 2014), D.E. 40-1 ("HDL enters into bogus service arrangements with referring physicians in an attempt to disguise HDL's inducements for referrals as market-value compensation for bona fide professional services.").

7

*Inc. v. Aetna Inc.*, 546 F. App'x 846, 852 (11th Cir. 2013) (providers' assignment agreements with patients authorizing insurance benefits to be paid directly to provider did not assign the right to assert claims for breach of fiduciary duty or civil penalties).  At a minimum, therefore, HDL lacks standing to seek equitable relief under Count II, and the Court should accordingly dismiss this claim.[5]

      **B.**      **HDL Cannot Pursue its ERISA Claims Because It Has Not Exhausted Its Administrative Remedies under ERISA.**

An ERISA plaintiff must exhaust available administrative remedies before bringing suit for wrongful denial of benefits.  *See Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 179 (2d Cir. 2013).   The exhaustion requirement fulfills multiple purposes, including (1) "uphold[ing] Congress' desire that ERISA trustees be responsible for their actions, not the federal courts," (2) "provid[ing] a sufficiently clear record of administrative action if litigation should ensue," (3) "[assuring] that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*," and (4) helping to "reduce the number of frivolous lawsuits under ERISA."  *Id.*  HDL does not allege that it exhausted its remedies, even though the plans clearly provide for appeal rights.  (*See* Compl., Ex. B at 48-49 (laying out procedure and rights for appeals of benefit determinations).)  Consequently, HDL's ERISA claims are facially deficient and should be dismissed.  *See, e.g., Feher v. Unum Life Ins. Co. of Am.*, No. 3:14-CV-334 RNC, 2014 WL 7271927, at *2 (D. Conn. Dec. 18, 2014) (granting defendant's motion to dismiss ERISA claim where plaintiff failed to exhaust administrative remedies).

---

[5]    In fact, it is an open question in this Circuit "whether patients can even assign claims for breach of fiduciary duty under ERISA § 502(a)(3)—as opposed to assigning claims for payment for health care services rendered under ERISA § 502(a)(1)(B)."  *Am. Psychiatric Assocs.*, 50 F. Supp. 3d at 163.  Given that providers only acquire derivative standing based on assignments received in exchange for medical care, it would be inconsistent to find that the rights exchanged for that care could include broad equitable rights unrelated to the medical care itself, including enjoining action related to potential future medical services.  In any event, the Court need not decide the issue now, as HDL's threadbare allegations would be insufficient even if the Court were to find that such claims are assignable to providers.

HDL asserts that any appeal would have been futile, (CC ¶¶ 55, 66), but its only supporting allegation is that Cigna filed a complaint to recoup payments that Cigna made to HDL *before* any of HDL's Counterclaims arose.  (Compl.  ¶ 11 ("In this action, Cigna seeks to recover the payments made to HDL.").)  That is not the type of "clear and positive showing" of futility that HDL would need to excuse it from exhaustion.  *See Greifenberger v. Hartford Life Ins. Co.*, No. 03 CIV. 3238 (SAS), 2003 WL 22990093, at *5 (S.D.N.Y. Dec. 18, 2003) *aff'd* 131 F. App'x 756, 759 (2d Cir. 2005) (dismissing ERISA claim where allegation that defendant denied subsequent claims based on the same rationale did not "meet[] the very high standard required for a showing of futility"); *see also* CC ¶ 55 (citing *Davenport v. Harry N. Adams, Inc.*, 249 F.3d 130, 133 (2d Cir. 2001) (finding plaintiff did not make a "clear and positive showing" that her claim would be futile)).

In fact, HDL admits in its Counterclaims that Cigna told HDL it would reconsider HDL's claims if HDL submitted additional facts about patient payment (CC ¶ 45), but HDL does not allege it ever did so.  HDL cannot plead futility under such circumstances.  *See Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594-95 (2d Cir. 1993) (holding that plaintiffs had not made "clear and positive showing of futility" where they neither "took [any] action whatsoever with respect to their disputed claims before bringing this action," nor "even notified [the insurer] of any disputed claim").

## II.   HDL'S UNJUST ENRICHMENT CLAIMS FAIL (COUNTS III & IV).

### A.   HDL Does Not Properly Plead the Elements of Unjust Enrichment.

To recover under its claims for unjust enrichment, HDL must allege "(1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment."  *Pearsall Holdings, LP v. Moutain High Funding, LLC*, No. 3:13CV437 JBA, 2014 WL 7270334, at *10 (D. Conn.

Dec. 18, 2014) (citing *Vertex, Inc. v. City of Waterbury*, 278 Conn. 557, 573, 898 A.2d 178 (2006)).  HDL fails to meet these pleading requirements for three reasons.

        *First*, HDL does not allege that Cigna requested the services HDL provided to Cigna's members.  *See Patel v. Jayms IV Enters., LLC*, No. HHBCV085010726S, 2011 WL 1288703, at *3 (Conn. Super. Ct. Mar. 17, 2011) (finding that unjust enrichment claim could not stand where "defendants did not solicit the benefit"); *see also Wesson, Inc. v. Hychko*, 205 Conn. 51, 57, 529 A.2d 714, 716 (1987) (restitution in the absence of express contract "is inapplicable where the payment has been made 'officiously,' i.e., where the circumstances do not justify the interference with another's affairs resulting from conferring a benefit upon him.") (citing Restatement (First) of Restitution § 2).  In fact, HDL alleges just the opposite—that Cigna actively tried to dissuade its members from using HDL's out-of-network services, and that Cigna made clear to HDL that it would not pay for HDL's services absent proof that Cigna's plan members paid their share under their plans.  (CC ¶ 5 ("[C]igna has refused to permit HDL's admission in its network, choosing instead to try to direct members of the plans Cigna administers or insures to use larger in-network laboratories with which Cigna has financially advantageous contracts."); *id.* ¶ 41 (letter from Cigna's Associate Chief Counsel noting that "Cigna will expect HDL to provide . . . proof of the Cigna customer's payment . . . as required under the Cigna customer's benefit plan").)  To the extent that HDL provided any services, it did so at the request of patients, not Cigna, and its unjust enrichment claims should be denied.  *Cf. Josephson v. United Healthcare Corp.*, No. 11-CV-3665 JS ETB, 2012 WL 4511365, at *5 (E.D.N.Y. Sept. 28, 2012) *on reconsideration in part*, No. 11-CV-3665 JS ETB, 2013 WL 3863921 (E.D.N.Y. July 24, 2013) (dismissing out-of-network provider's unjust enrichment claim against insurer under New York law where provider rendered services at the request of plan members rather than insurer); *Pekler*

*v. Health Ins. Plan of Greater N.Y.*, 67 A.D.3d 758, 888 N.Y.S.2d 196 (2009) (same); *Kirell v. Vytra Health Plans Long Is., Inc.*, 29 A.D.3d 638, 815 N.Y.S.2d 185 (2006) (same).

**Second**, HDL does not allege that Cigna directly received a benefit at HDL's expense. *See Layton v. Lester*, No. CV085023289S, 2011 WL 522887, at *2 (Conn. Super. Ct. Jan. 21, 2011) ("To satisfy the first element of an unjust enrichment claim, the benefit to the defendant must be conferred by the plaintiff directly.").  Specifically, HDL claims that "Cigna received a benefit by provision of [HDL's] services as it was spared the cost of reimbursement to HDL" (CC ¶ 78), but Cigna did not receive HDL's services, Cigna's members did, and thus the benefit that HDL provided was not to Cigna, but to Cigna's members.  *See Granito v. IBM*, No. X07CV020080440S, 2003 WL 1963161, at *2 (Conn. Super. Ct. Apr. 16, 2003) (dismissing unjust enrichment claim where plaintiff did not allege that he paid IBM directly for hard drives, even though he alleged IBM profited from his sale to third parties, because "[a]bsent the conferring of a benefit by the plaintiff directly, no action for unjust enrichment by him is valid").

**Third**, HDL does not properly allege that Cigna "unjustly" did not pay HDL for the alleged benefits because it never gave Cigna the opportunity to decline the alleged benefit of its services before providing them to Cigna's members.  *See Pearsall Holdings*, 2014 WL 7270334, at *10 (dismissing unjust enrichment claim where plaintiff did not allege sufficient facts that defendant unjustly did not repay plaintiff); *Mirto v. Villano*, No. CV-106014122, 2012 WL 3264230, at *3-4 (Conn. Super. Ct. July 20, 2012) (same).  To the contrary, HDL alleges that it provided services to Cigna's members even after Cigna warned that HDL must collect members' cost-sharing obligations to receive payment pursuant to the plans.  (*Compare* CC ¶ 41 (describing February 2013 letter from Cigna warning that HDL was required to provide proof of members' payments) *with* CC Ex. A (listing services provided after that date).)

11

**B.      HDL's Allegations that It Received Assignments, if Valid, Preclude a Claim Under a Theory of Unjust Enrichment.**

Connecticut law precludes recovery under a theory of unjust enrichment where a valid contract covers the same subject matter. *Meaney v. Conn. Hosp. Ass'n, Inc.*, 250 Conn. 500, 517, 735 A.2d 813, 823 (Conn. 1999) ("It is often said that an express contract between the parties precludes recognition of an implied-in-law contract governing the same subject matter."). Assuming HDL adequately pleaded it is an assignee—which it did not (§ I.A, *supra*)—HDL would stand in the shoes of its patients when seeking reimbursement for its claims, and the patients' plans with Cigna would dictate what Cigna paid HDL. Therefore, the terms of HDL's patients' contracts with Cigna would cover HDL's claims, not theories of unjust enrichment, requiring the dismissal of these claims. *See Lieberman v. Emigrant Mortgage Co.*, 436 F. Supp. 2d 357, 366 (D. Conn. 2006) ("Proof of a contract enforceable at law precludes the equitable remedy of unjust enrichment."); *see also Am. Med. Ass'n v. United Healthcare Corp.*, No. 00 Civ. 2800 (LMM), 2007 WL 683974, at *10 (S.D.N.Y. Mar. 5, 2007) (discussing cases under New York law and dismissing unjust enrichment claim against non-par provider for alleged over-reimbursement because its patients' plans determined reimbursement for medical services).

**III.    HDL'S CONNECTICUT UNFAIR TRADE PRACTICES ACT CLAIM FAILS (COUNT V).**

**A.      HDL's CUTPA Claim is Preempted by ERISA.**

ERISA § 514(a) provides that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employment benefit plan" covered by the statute. *Bailey-Gates v. Aetna Life Ins. Co.*, 890 F. Supp. 73, 76 (D. Conn. 1994) (finding CUTPA claims preempted under 29 U.S.C. § 1144(a)).[6]  Courts in this District have accordingly found that

---

[6]    Courts in this district have further held that CUTPA does not fall within the scope of ERISA's savings clause. *See Lazaroff v. Blue Cross & Blue Shield of Conn., Inc.*, No. CIV. B-88-519 (TFGD), 1989 WL 235958, at *2

ERISA preempts CUTPA claims where "the viability of these claims relates directly to the administration of the ERISA plan, and the liability of the parties is dependent upon the existence of the ERISA plan and rights conferred by it." *Case v. Hosp. of St. Raphael*, 38 F. Supp. 2d 207, 209 (D. Conn. 1999); *see also Lazaroff*, 1989 WL 235958, at *1 (CUTPA claim preempted by ERISA); *Degrooth v. Gen. Dynamics Corp.* 837 F. Supp. 485, 490 (D. Conn. 1993) *aff'd,* 28 F.3d 103 (2d Cir. 1994) (CUTPA claim preempted where it arose "out of the same course of conduct" as plaintiffs' ERISA claims, and relief sought depended upon an interpretation of the benefits plan).

HDL's CUTPA claim easily meets this standard.  For both its CUTPA and ERISA claims, HDL alleges that Cigna improperly withheld payments to HDL for services provided to Cigna's plan members. (*Compare* Count I ¶ 61 (seeking payment for "unreimbursed services provided to members") *with* Count V ¶ 94 (complaining that Cigna accepted "the benefit of medical services provided to its members while withholding payment").)  And for both claims, HDL seeks the same damages: no less than $66 million that Cigna allegedly owed under its plans.  (*Compare* Count I ¶ 69 (seeking "unpaid benefits . . . in excess of $66 million") *with* Count V ¶ 102 (seeking "actual damages in an amount no less than $66 million").)  Because HDL is merely attempting to use CUTPA as an alternative mechanism to "enforce the rights and benefits that are allegedly due [it] pursuant to the [ERISA] plan[s]," its CUTPA claim is preempted by ERISA and should be dismissed with respect to Cigna's ERISA plans.  *See Glynn v. Bankers Life & Cas. Co.*, 297 F. Supp. 2d 424, 427-28 (D. Conn. 2003) (granting motion to dismiss where "CUTPA cause of action [was] preempted" by ERISA).

---

(D. Conn. Jan. 11, 1989); *Bailey-Gates*, 890 F. Supp. at 79 ("[I]t is well-established in this district that ERISA's savings clause does not except the CUTPA and CUIPA claims from preemption.").

### B.      HDL's CUTPA Claim Does Not Plead a Predicate Violation of CUIPA.

HDL's CUTPA claim fails with respect to at least Cigna's fully funded plans for the independent reason that HDL has not pleaded a predicate violation of CUIPA.  "[A] plaintiff cannot bring an independent CUTPA claim alleging an unfair insurance practice unless the practice first violates CUIPA, as 'the legislative determinations as to unfair insurance practices embodied in CUIPA are the exclusive and comprehensive source of public policy in this area.'" *Davis v. Globe Life & Acc. Ins. Co.*, No. 3:12-CV-01583 VLB, 2013 WL 5436907, at *6 (D. Conn. Sept. 27, 2013) (quoting *State v. Acordia, Inc.*, 310 Conn. 1, 35, 73 A.3d 711, 731 (2013)); *see also Martin v. Am. Equity Ins. Co.*, 185 F. Supp. 2d 162, 168 (D. Conn. 2002) (dismissing CUTPA claim because a plaintiff "may not bring an action under CUTPA unless the alleged unfair insurance practice violates CUIPA").  CUIPA prohibits persons engaged in the business of insurance from engaging in specific categories of "unfair practices" defined in Conn. Gen. Stat. Ann. § 38a-816.  In this case, HDL's Counterclaims neither mention CUIPA nor allege that Cigna violated any of the unfair practices explicitly proscribed by CUIPA.  As a result, HDL's CUTPA claim fails as a matter of law for at least Cigna's fully funded plans.

### <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Counterclaims should be dismissed.

14

DATED this 4th day of June, 2015.

*/s/ John C. Pitblado*
James M. Sconzo (ct04571)
John C. Pitblado (ct25563)
CARLTON FIELDS JORDEN BURT, P.A.
One State Street, Suite 1800
Hartford, Connecticut  06103
Telephone:  860.392.5022
Facsimile:  860.392.5058
jsconzo@cfjblaw.com
jpitblado@cfjblaw.com

Joshua B. Simon*
Warren Haskel*
Andrew C. Orr*
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10016
Telephone:  212.446.4800
Facsimile:  212.446.4900

*Counsel for Plaintiffs*

*\* Admitted Pro Hac Vice*

15

## CERTIFICATION OF SERVICE

I hereby certify that on June 4, 2015, a copy of foregoing Memorandum of Law in Support of Cigna's Motion to Dismiss Defendant's Counterclaims was filed electronically and served by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ *John C. Pitblado*
John C. Pitblado